Francisco Pérez Guerrero, Appellant, *v.* Registrar of Property of San Juan, First Section, Respondent.

No. 974. Submitted May 29, 1936.—Decided June 26, 1936.

Mr. Justice Travieso delivered the opinion of the Court.

This is an administrative appeal taken by Francisco Pérez Guerrero from a decision rendered by the Registrar of Prop-

erty of San Juan, First Section. The facts, chronologically stated, are as follows:

Ramona Orabona and her three sons José Narciso, José Ramón, and José Alejandro Viader Orabona were owners in common, in the amount of $300 each, of a parcel of land with a one-story house in Santurce valued at $1,200. Upon the death of the minor José Alejandro Viader, his mother Ramona Orabona, as his sole heir, acquired his one-quarter undivided interest in the said property.

On March 29, 1934, in accordance with an order of the Municipal Court of San Juan in an action of debt brought by the Society for the Protection of Children of Río Piedras against Ramona Orabona, widow of Viader, a cautionary notice of attachment was entered in the Registry, under the letter "A", against the $300 share of the defendant, to secure the sum of $498.50, plus costs. On that date the share acquired by Mrs. Orabona upon the death of her son José Alejandro had not yet been recorded in her favor.

On February 25, 1933, Mrs. Orabona, in her own right and in her capacity as mother with patria potestas over her two sons José Narciso and José Ramón, and after obtaining authority from the district court, executed by public deed a mortgage on the said house and lot in favor of the appellant Francisco Pérez Guerrero, to secure a loan of $350, payable in one year. The share acquired by Mrs. Orabona from her deceased son and the mortgage in favor of the appellant were noted in the second recording of said parcel. Said second recording made on April 25, 1934, showed that the parcel was subject to the above mentioned notice of attachment "A" in favor of the Society for the Protection of Children of Río Piedras.

Upon foreclosure of the mortgage for breach of its conditions the parcel was adjudicated to the appellant mortgage creditor, who presented to the respondent registrar, for record, the deed of judicial sale which was granted in his favor by the Marshal of the District Court of San Juan.

After the judicial sale and its record in favor of the appellant, the latter requested and obtained from the district court an order to the respondent registrar to cancel all liens on the property subsequent to the credit foreclosed by the appellant, and especially the notice of attachment "A" in favor of the Society for the Protection of Children of Río Piedras. The decision of the registrar refusing this reads as follows:

"The cancellation of the attachment which is included in the foregoing document is denied on the ground that the said notice of attachment is prior to the mortgage that was foreclosed, and not subsequent, as stated in the document. Instead a cautionary notice for 120 days is noted at folio 107 over of volume 146 of Santurce North, parcel 6617, entry B, San Juan, April 22, 1936."

It is alleged in the petition that in the notices published in the proceeding for the foreclosure of appellant's mortgage, there was inserted a statement which copied literally says:

"Bidders and all other parties who my be interested in said public sale, and anyone having recorded a junior lien, are notified that said parcel is subject to a notice of attachment to secure a junior personal credit for the sum of $494.50 and by these presents said junior creditor is notified of this sale should it deem it advisable to attend the said sale in order to protect its credit, said junior creditor being the Society for the Protection of Children of Río Piedras, P. R."

The reversal of the note is requested on the following grounds:

1. Because the registrar has given to a cautionary notice of attachment to secure a possible judgment in an action of debt, a legal effect which it does not have according to the juridical principles governing the mortgage law.

2. Because this is not a case of two equal rights or rights of the same nature, to which the principles of priority of record or entry, as the case máy be, apply.

In support of his decision denying cancellation, the respondent maintains: That this is not a case of cancelling

a notice of attachment entered after the recording of the said mortgage; and that if the right of the appellant mortgagee is preferred, it is not for the registrar to classify the priority of said right, since that is not a matter for the registry but for the courts. And in support of his decision the respondent cites the decisions of this Supreme Court in *Polanco* v. *Registrar,* 44 P.R.R. 806, and *Pérez* v. *Registrar,* 46 P.R.R. 241.

 The question which we must decide is not whether or not the appellant has the right to the cancellation of the notice of attachment. The question is whether the registrar is authorized by law to make this cancellation without the consent of, or without hearing, the party interested in the notice of attachment sought to be cancelled.

There is nothing to show that the Society for the Protection of Children of Río Piedras has given its consent to the cancellation requested by the appellant, nor that the said Society was served or summoned as a party to the proceeding within which the cancellation was requested and ordered.

The statement inserted in the notices published, in which the party interested in the notice of attachment was invited to attend the sale, cannot have the effect of the personal service or summons which the law requires as a condition precedent for the competent court to acquire jurisdiction over the party interested in the right which is sought to be cancelled.

This court has decided in several cases that the registrar of property is not authorized by law to make a classification or establish the order of priority of rights as between parties, nor to cancel a record or entry without the consent of the interested party or without a judgment or judicial order entered in a proceeding in which the said interested party has been summoned. See: *Polanco* v. *Registrar, supra,* and *People* v. *Registrar,* 44 P.R.R. 774. There are exceptions to this rule, but the instant case does not fall within any of them.

We are of the opinion that the registrar in the instant case acted properly in refusing to cancel the notice of attachment and that the decision appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.